# NO. 2024-C-0282

## COURT OF APPEAL, FOURTH CIRCUIT

## STATE OF LOUISIANA


### PETER ADAMS, ET AL.

### VERSUS

### ENTERGY NEW ORLEANS, INC.


IN RE:          ENTERGY NEW ORLEANS, INC.

APPLYING FOR: SUPERVISORY WRIT; EXPEDITED CONSIDERATION

DIRECTED TO:  HONORABLE D. NICOLE SHEPPARD
                   CIVIL DISTRICT COURT, ORLEANS PARISH
                   DIVISION "J," 2015-09035


**WRIT GRANTED; REMANDED; STAY LIFTED**

Relator, Entergy New Orleans, Inc., seeks expedited supervisory review of the district court's May 14, 2024 judgment, which denied Relator's motion for recusal. In its recusal motion, Relator alleged that on Monday, May 13, 2024, the district court judge, *sua sponte* and off the record, solicited information regarding settlement negotiations between the parties. According to Relator, opposing counsel disclosed the amount of Relator's settlement offer within the hearing of the judge, and the judge inquired as to the amount of Respondents', Peter Adams et al., counteroffer. Relator further alleged that, pursuant to La. C.C.P. art. 151(B), the district court judge's solicitation and the subsequent disclosure of Relator's settlement offer amount created a substantial and objective basis that would prevent the district court from conducting the remainder of the trial in a fair and impartial manner. Following argument of counsel, the district court denied the motion.

The issue before this Court is not whether the district court's actions amounted to a recusable offense. Rather, the issue is whether the district court followed the mandates set forth in La. C.C.P. art. 154. Louisiana Civil Code of Procedure article 154 provides:

A. A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusal under Article 151. This motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases prior to the scheduling of the matter for trial. In the event that the facts constituting the ground upon which the motion to recuse is based occur after the matter is scheduled for trial or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after such facts occur or are discovered.

B. If the motion to recuse sets forth a ground for recusal under Article 151, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or make a written request to the supreme court for the appointment of an ad hoc judge as provided in Article 155.

C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth a ground for recusal under Article 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial.

Louisiana Civil Code of Procedure article 151(B) provides:

A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

In its reasons for judgment, the district court found that Relator's motion to recuse did not state a substantial and objective basis for recusal; thus, the court held that there were no mandatory grounds for recusal as contemplated by La. C.C.P. art. 151(B). Rather, the district court judge followed the procedures delineated in La. C.C.P. art. 154(C). We find this to be in error.

Our review of Relator's motion for recusal indicates that Relator specifically alleged that the district court's inquiry into prior settlement offers during the middle of a bench trial implicated judicial misconduct and potential violations of

La. C.E. art. 408.[1]  Without determining the merits of the allegations, we find that these allegations raise legitimate questions as to whether there exists a substantial and objective basis for recusal under La. C.C.P. art. 151(B).  Thus, once the district court judge was in receipt of Relator's motion setting forth these specific grounds for recusal, the judge was left with seven days to make but one of two choices, pursuant to La. C.C.P. art. 154(B): (1) recuse herself; or (2) make a written request to the Supreme Court for the appointment of an *ad hoc* judge.

We are, however, declining to establish any sort of bright line rule concerning the substance of allegations that would trigger the application of La. C.C.P. art. 154(B).  We find that, as drafted, Articles 151 and 154 call for a limited factual inquiry on a case-by-case basis.  For these reasons, we grant Relator's writ and we remand this matter to the district court to follow the guidelines set forth in La. C.C.P. art 154(B).  The stay issued by this Court is hereby lifted.

New Orleans, Louisiana this 17th day of May, 2024.



*PAB*

_____
JUDGE PAULA A. BROWN

*DISSENTS WITH REASONS*

_____
JUDGE TIFFANY GAUTIER CHASE

---

[1] Louisiana Code of Evidence Article 408 provides, in pertinent part:

> A. Civil cases. In a civil case, evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, anything of value in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This Article does not require the exclusion of any evidence otherwise admissible merely because it is presented in the course of compromise negotiations. This Article also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

*CONCURS WITH REASONS*

_____
JUDGE DALE N. ATKINS


*RDJ*

_____
JUDGE RACHAEL D. JOHNSON


*NEK*

_____
JUDGE NAKISHA ERVIN-KNOTT